IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MAJORS, JR.<br>520 Spruce Street<br>Pottstown, PA 19464 | :<br>:<br>:  CIVIL ACTION<br>: |
| Plaintiff,<br>v. | :  No. _____<br>:<br>: |
| 1-800-PACK-RAT, LLC<br>11640 Northpark Drive, Ste. 300<br>Wake Forest, NC 27587<br>       and<br>ZIPPY SHELL, INC.<br>11640 Northpark Drive, Ste. 300<br>Wake Forest, NC 27587 | :  **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Robert Majors, Jr. (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.) and the Pennsylvania Minimum Wage Act ("PMWA" – 43 P. S. §§ 333.101 *et. seq*.). Plaintiff asserts herein that he was not properly paid overtime compensation during his employment, and he was then terminated for engaging in protected activities by complaining about unpaid overtime. As a result, Plaintiff seeks damages as set forth herein.

### II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental and/or ancillary

jurisdiction over Plaintiff's state-law claims asserted herein as they arise out of the same common nucleus of operative facts as his federal claims.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. **PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. 1-800-Pack-Rat LLC ("Defendant PR" where referred to individually) is a nationwide provider of secure, all-steel, weatherproof portable storage containers for local and long-distance moving and storage with more than 50 locations across the United States.

8. Zippy Shell Inc. ("Defendant ZS" where referred to individually) is a portable storage and moving company providing mobile storage containers delivered to residences, and then this entity transports such packed containers to a new location or agrees to store such items (typically during moving or relocation processes).

9. In or about 2018, Defendants PR and ZS merged and operate and function as part of the same enterprise (collectively "Defendants"). Defendants operate through the same

policies, same overlapping leadership, at the same headquarters (in the caption of this complaint), and utilize overlapping resources, controls, and marketing. These entities are properly considered in all respects to be Plaintiff's single, joint and/or integrated employers.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired by Defendants on or about March 18, 2018; and in total, Plaintiff was employed by Defendants for in excess of 7.5 years (until January of 2026).

13. Plaintiff physically worked for Defendants at 191 S. Keim Street, Pottstown, PA 19464 (in a warehouse setting), within Montgomery County.

14. The location wherein Plaintiff was employed operated publicly as 1-800-Pack-Rat, but documents Plaintiff received during his employment were from both Zippy Shell and 1-800-Pack-Rat as the businesses and name usage was so intermingled. Moreover, Plaintiff's primary manager was Dean Taylor ("Taylor") who publicly represents he is (and has been) a General Manager of "Zippy Shell Incorporated."[1]

15. Plaintiff was originally hired as a warehouse associate (and laborer); and during his period of employment, Plaintiff was promoted to the role of Assistant Operations Manager (a role Plaintiff performed for many years).

---

[1] *See e.g.* https://www.linkedin.com/in/deantaylornyl/

3

16. Plaintiff was employed as an Assistant Operations Manager until he was informed due to business restructuring he was being demoted to a non-management Lead Driver. This demotion took place in or about late November of 2025, and Plaintiff believes he was effectively working as a Leader Driver as of November 24, 2025 (and until his termination from employment).

17. Plaintiff was informed that his demotion had nothing to do with his performance, but it was an issue of company budgeting. Plaintiff in fact had met or exceeded expectations in prior years of annual performance evaluations. Plaintiff was in all respects an exemplary employee of Defendants.

18. As an Operations Manager, Plaintiff was characterized *as an exempt, salaried employee*. When Plaintiff was demoted to a Lead Drover position, Plaintiff was informed he was **non-exempt and paid hourly**.

19. Defendants cannot possibly dispute that Plaintiff was paid hourly and "non-exempt" (as of November 2025) as that is exactly what Plaintiff was told, and this is exactly how Plaintiff was identified within Defendants' own computer system (see computer screenshot):



20.     Defendants' online ADP profile of Plaintiff further confirmed Plaintiff had been converted to an "hourly" paid employee (which is typical for non-exempt employees):



21.     Taylor had further confirmed via text messages that Plaintiff was converted from salary to hourly in various text messages. One such text message stated:

> That's not going to make sense for the P&L Bobby. We had to take you off of salary so your fixed cost would come off the P&L, if we take you off fixed cost just to have your variable cost start going into OT from using PTO while I'm giving you the guaranteed 40 hours/week we're moving the needle backwards.

22.     Between November of 2025 (as of demotion) and January of 2026 (as of termination), Plaintiff regularly worked well over 40 hours during each workweek. Plaintiff would work longer hours during actual workdays, <u>and</u> he was regularly working over weekends.

23.     The fact that Plaintiff was working well over 40 hours per week (including weekends) was *well known* to Taylor, as: (a) it was discussed verbally; (b) it was referenced in text messages; and (c) all of Plaintiff's efforts, calls, and work on weekends would have been apparent to anyone even absent discussion(s).

24. Despite that Plaintiff regularly worked more than 40 hours per week from late November of 2025 through January of 2026, Plaintiff was not paid at a rate of time and one half or for "overtime" pay (during said timeframe).

25. Between November of 2025 through January of 2026, Plaintiff talked directly with Taylor many times (at least 7 – 8 times). During such conversations, Plaintiff complained "why I am not getting paid overtime," "I am hourly now, shouldn't I be getting overtime," "I am working a lot on weekends, I am not getting paid for over 40 hours," and numerous other iterations of these types of concerns. Suffice it to say, Plaintiff complained he was not properly being paid *because he was not getting "overtime" pay now that he was hourly.*

26. Each time Plaintiff raised a concern of unpaid or refusal to pay overtime, Taylor was telling Plaintiff things like he is lucky to still be guaranteed 40 hours, Plaintiff is lucky to have a job, he can't budget overtime pay to pay Plaintiff, and other iterations of these excuses. But nonetheless - - every excuse was unlawful and violated state and federal laws (as Plaintiff was often working 45-55 hours per week).

27. Taylor entered that Plaintiff worked 8-hour workdays regardless of how early or late Plaintiff worked (each day), and regardless that it was known Plaintiff worked a lot on weekends. Taylor's actions constituted intentional and knowing violations of state and federal overtime laws merely just to justify a reasonable total labor-cost-related budget to his management.

28. Plaintiff had more adamantly been asking about the overtime issues toward the last several weeks and month of his employment mentioning things like he researched the issues, checked on the Department of Labor website, and that he felt the company was not following the

laws. Taylor became *very* frustrated with Plaintiff and exhibited hostility towards Plaintiff in some of these conversations.

29. Then, on or about January 9, 2026, Plaintiff was abruptly terminated by Defendants.

30. The rationale given to Plaintiff by Taylor who terminated Plaintiff (with other witnessing management present) was that Plaintiff made inappropriate comments in reference to Plaintiff talking about being able to work remotely. Defendants appeared to insinuate that by Plaintiff expressing he can work remotely that he was offensive to those who did not or could not work remotely. Plaintiff was confused by the rationale given to him as it was vague, amorphous, and seemed objectively absurd.

31. While Defendants may manufacture other reasons during litigation to support Plaintiff's termination, Plaintiff is relaying what he was told as of termination notification by Defendants.

32. Plaintiff had been an outstanding and model employee for nearly 7.5 years within Defendants. Other employees used inappropriate language, had altercations, engaged in other forms of policy violations, *and they were not terminated.* Yet, Plaintiff was terminated for discussing that he can or would on a particular day / time work remotely.

33. To provide *one (1) of many* examples of misconduct that did not result in termination (of a comparator) in close proximity to Plaintiff, there was an employee at Plaintiff's work location named "Rex." In or about September to October of 2025, it became known that Rex was unequivocally stealing from Defendants. Rex was removing items he wanted from a unit that contained Defendants' auction items and taking them for himself, which is a terminable offense (and blatant theft). When Plaintiff discussed the matter with Taylor, Plaintiff was told by

Taylor Rex is valuable to the company and indicated he would just talk with Rex himself. Of course, Rex was not terminated.

34. Plaintiff was terminated though after making nearly 7-8 complaints of unpaid overtime compensation within the approximate 6 weeks preceding his termination from employment for (allegedly) mentioning he was able to work remotely. Plaintiff does not believe any objectively reasonable fact finder would possibly conclude his termination was anything other than retaliatory.

35. Plaintiff thus proceeds herein for violations of overtime laws and for unlawful retaliation.

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**
**- Against Both Defendants -**

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute violations of the Fair Labor Standards Act ("FLSA").

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**
**- Against Both Defendants -**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff was not properly paid for all owed overtime as explained s*upra*. And such actions constitute violations of the PMWA.

## Count III
## Violations of the Fair Labor Standards Act ("FLSA")
### (Retaliatory Termination)
### - Against Both Defendants -

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff was terminated by Defendants for expressing concerns of unpaid overtime compensation.

42. Plaintiff's discharge from Defendants for engaging in protected activity under the FLSA constitutes unlawful retaliation under the FLSA. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 1, 131 S. Ct. 1325, 1327 (2011); *see also Brock v. Richardson,* 812 F.2d 121, 123-25 (3d Cir.1987).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting retaliation and overtime violations;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages, overtime, past and future lost earnings, benefits, pension entitlements, bonuses, commissions, and other legally-applicable compensation;

C. Plaintiff is to be awarded actual damages to which he is equitably or legally entitled beyond those already specified herein;

D. Plaintiff is to be awarded liquidated damages and/or punitive damages as permitted by applicable laws;

  E. Plaintiff is to be accorded other equitable relief as the Court deems just, proper, and appropriate;

  F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

  G. Plaintiff is permitted to have a trial by jury.

          Respectfully submitted,

          **KARPF, KARPF & CERUTTI, P.C.**

          _____
          Ari R. Karpf, Esquire (91538)
          8 Interplex Drive, Ste. 210
          Feasterville-Trevose, PA 19053
          (215) 639-0801
          akarpf@karpf-law.com

Dated: January 28, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Robert Majors, Jr. | : | CIVIL ACTION |
| v. | : | |
| 1-800-Pack-Rat, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.           ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (x)

| 1/28/2026 | *[signature]* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: __Defendants place of business_____

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / [X] **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
[X] 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / [X] **does not** have implications beyond the parties before the court and ☐ **does** / [X] **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MAJORS, JR., ROBERT

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
1-800-PACK-RAT, LLC, ET AL.

County of Residence of First Listed Defendant: Wake
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | [X] 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights / 555 Prison Condition / 560 Civil Detainee - Conditions of Confinement | 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and the PMWA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 1/28/2026
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____